Herlinda REYES–MENDOZA; et al., Petitioners,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–71265.
Agency Nos. A74–825–582, A74–825–689.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.**

Decided Aug. 20, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Service as the proper respondent. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

### MEMORANDUM ***

Herlinda Reyes–Mendoza and her son Byron Reyes–Mendoza, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an Immigration Judge's denial of their application for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence factual determinations concerning the petitioners' eligibility for asylum, and we must uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Petitioners' contention that they established eligibility for aylum lacks merit because the evidence submitted was too vague to compel the conclusion that they have a well-founded fear of persecution. *See Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995). Because petitioners failed to qualify for asylum, they necessarily failed to satisfy the more stringent standard required to establish eligibility for withholding of deportation. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Petitioners' contention that Byron Reyes–Mendoza has never conceded to the charges contained in the notice to appear is belied by petitioners' brief on appeal to the BIA, which states that "[b]oth parties admitted to proper service and to the allegations and charges contained in their charging documents."

PETITION FOR REVIEW DENIED.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

